IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR DEL NORTE REFI, LLC.,

Plaintiff,

v.

RONALD RAPOSA,
JENNIFER CABRAL,
RHODE ISLAND DIVISION OF TAXATION,
BANK OF AMERICA, N.A.,
INTERNAL REVENUE SERVICE,
THE GLIDDEN COMPANY dba ICI DULUX PAINTS,
NORTH AMERICAN CAPITAL CORPORATION,
SHERWIN WILLIAMS COMPANY,
CAP ELECTRIC CORP, assignee of Home Depot,
PRA III, LLC., and
GREAT LAKES COLLECTION BUREAU, INC., Assignee of First USA Bank,

Defendants.

[redacted] 05 194 T

Civil Action No. _______________

FILED JT
MAY 06 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES' REQUEST FOR ENLARGEMENT
OF TIME TO SERVE RESPONSE TO COMPLAINT

NOW COMES the defendant, the United States of America, improperly named and sued as the Internal Revenue Service, pursuant to the provisions of Rule 6(b)(1) of the Federal Rules of Civil Procedure, requests an enlargement of time to, and including, June 6, 2005, in which to serve its answer, or such other response to the complaint as may be permitted under the Federal Rules of Civil Procedure.

3

In support of this request,[1/] the United States, by its undersigned attorney, states that the additional time is needed in order to prepare the defense of the above-titled action and represents to the Court the following:

1. Defendant, United States of America, improperly named as Internal Revenue Service, was named in the above-captioned civil action by way of a Complaint and Request for Declaratory Relief that was filed in the Superior Court of the State of Rhode Island, Providence County, on or about April 6, 2005.

2. According to the Complaint, plaintiff is seeking a determination as to which creditors of Ronald T. Raposa and Jennifer Cabral should be paid out of funds held by the plaintiff.

3. The United States Attorney for the District of Rhode Island was served with a copy of the complaint, on April 6, 2005.

4. The United States is, by statute, permitted sixty after service of a summons and complaint upon it to serve an answer or otherwise to defend in a state-court interpleader action. *See* 28 U.S.C. § 2410(b). (*See also* Fed. R. Civ. P. 12(a), setting forth an identical period for actions commenced in the district courts). Sixty days from the date the United States was served is Monday, June 6, 2005.

---

[1/] The defendant seeks this enlargement of time pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure *"before the expiration of the period originally prescribed."* That Rule provides that an enlargement may be sought under such circumstances *"with or without motion or notice,." i.e.,* by a timely "request." In contrast, an enlargement sought *"after the expiration of the specified period,"* may, under Rule 6(b)(2) of the Federal Rules of Civil Procedure, be sought only *"upon motion."* Thus, this timely request is properly distinguished from a motion, and, we submit, is exempt from any requirement to file a separate memorandum and that the Court need not await opposition or concurrence from other parties prior to acting upon this request.

5. It is noted that Rule 81(c) of he Federal Rules of Civil Procedure provides that in a removed action a defendant has five (5) days in which to answer or otherwise plead after the date the case was removed or twenty (20) days after receipt fo the initial pleading, whichever is longer.

6. However, Rule 6(b)(1) of the Federal Rules of Civil Procedure permits the district court to enter orders enlarging the time in which certain acts are required to be done or may be done.

7. The undersigned attorney for the United States has not yet received the required documents or information from the Internal Revenue Service necessary to prepare an appropriate answer or other pleading, and in order to avoid any confusion as to when an answer is due, the United States is requesting for an enlargement of time.

WHEREFORE, the United States requests that this Court enlarge the time of the United States in which to serve an answer or otherwise respond to the complaint up to and including Monday, June 6, 2005.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ANTHONY C. DIGIOIA
Assistant United States Attorney

WENDY J. KISCH
Trial Attorney
U.S. Department of Justice
Tax Division
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6553
fax: 202-514-5238
e-mail: wendy.j.kisch@usdoj.gov

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing United States' Request for Enlargement of Time to Serve Response to Complaint Notice of Appearance and proposed Order have been made upon the following by depositing a copy of each in the United States mail, postage prepaid, this 6th day of May 2005:

Richard J. Volpe, Esquire
Shechtman Halperin Savage LLP
86 Weybosset Street
Providence, Rhode Island 02903

Ronald Raposa
32 Fairwood Drive
Cranston, Rhode Island 02920

Jennifer Cabral
32 Fairwood Drive
Cranston, Rhode Island 02920

Rhode Island Division of Taxation
One Capitol Hill Plaza
Providence, Rhode Island 02908

Bank of America, N.A.
c/o E. Martin Stutchfield, Esquire
123 Dyer Street
Providence, Rhode Island 02903

The Glidden Company dba
ICI Dulux Paints
c/o CT Corporation System
10 Weybosset Street
Providence, Rhode Island 02903

North American Capital Corporation
c/o Law Offices of Howard Lee Schiff, PC
10 Dorrance Street
Providence, Rhode Island 02903

The Sherman Williams Company
c/o John A. DeSano, Jr., Esquire
Post Office Box 422
Warren, Rhode Island 02885

CAP Electric Corporation
Assignee of Home Depot
c/o Richard B. Applebaum, Esquire
15 Westminster Street, Suite 630
Providence, Rhode Island 02907

PRA III, LLC
c/o Lynda Laing
Strauss, Factor and Lopes
403 South Main Street
Providence, Rhode Island 02903

Great Lakes Collection Bureau, Inc.
Assignee of First USA Bank
c/o Richard B. Applebaum, Esquire
15 Westminster Street, Suite 630
Providence, Rhode Island 02907

Nancy A. DiQuinzio