IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR DEL NORTE REFI, LLC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| RONALD RAPOSA, | ) | Case No. 05cv194 |
| JENNIFER CABRAL, | ) | |
| RHODE ISLAND DIVISION OF TAXATION, | ) | Judge Mary M. Lisi |
| BANK OF AMERICA, N.A., | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| THE GLIDDEN COMPANY dba ICI DULUX PAINTS, | ) | |
| NORTH AMERICAN CAPITAL CORPORATION, | ) | |
| SHERWIN WILLIAMS COMPANY, | ) | |
| CAP ELECTRIC CORP, assignee of Home Depot, | ) | |
| PRA III, LLC., and | ) | |
| GREAT LAKES COLLECTION BUREAU, INC., Assignee of First USA Bank, | ) | |
| Defendants. | ) | |

**Opposition of the United States of America to**
**Motion of PRA III, LLC. for Distribution of Interpleaded Funds**

The United States opposes the motion of PRA III, LLC for a distribution of funds in the amount of $8,827.57, and in support, states the following:

1. **The United States has not been properly served**: Movant PRA III, LLC filed a Motion to Release Funds from Court Registry on July 25, 2005, but neglected to serve the United States with a copy of the motion as required by Civ.R. 5(b). Counsel for the United States, having removed this action from state court on May 6, 2005, are clearly listed on the district court's civil docket sheet along with their addresses, but the certification attached to the motion

simply omits service to the United States.[1]

2. **Movant has not shown proof as to its claim**: Movant has yet to establish its claim to the interpleaded funds to the Court in pursuing a motion to release funds. In the motion Movant fails to provide any significant information on the validity of its claim, such as who the lien is against and the date of any existing lien. According to both state court and district court records, Movant has not even filed an answer. Other defendants in this action, the Rhode Island Division of Taxation, Sherwin Williams Company and the United States, all have submitted answers, which explain their respective claims to the interpleaded funds. The Rhode Island Division of Taxation purports it has a lien dated March 17, 2000 issued against Ronald T. Raposa for delinquent state withholding taxes which amount to approximately $5,925.00; Sherwin Williams Company purports it has an outstanding judgment against Ronald T. Raposa in the sum of $4,861.07, plus statutory interest and costs; and the United States has a lien recorded on December 3, 2000 for an assessed trust fund penalty against Ronald T. Raposa in the amount of $21,279.90, plus any statutory accruals as of May 15, 2005. Unless Movant provides valid proof of interest in the funds and its priority over other defendants' liens to the Court, and serve it on all parties so that they have an opportunity to respond, its motion should not be granted.[2]

---

[1] On September 1, 2005, counsel for PRA III, LLC faxed a copy of the unsigned order that was submitted with the motion to release funds to the United States, which still does not fulfill the requirement for service in Civ.R. 5(b).

[2] At the United States' request, counsel for PRA III, LLC faxed a copy of the execution from a recovery judgment against Ronald Raposa. The document shows that the lien was recorded on April 10, 2002, which suggests that PRA III, LLC has not established priority over any of the defendants who have already answered. Hence, PRA III, LLC should not receive any funds until the funds are first distributed to the defendants who have prior liens.

3. **Movant should have withdrawn its Motion to Release Funds**: On August 1, 2005, Magistrate Judge Almond issued an order for a settlement conference to be held on November 1, 2005. In the Order he states "[a]t least five (5) court days before the Settlement Conference the parties shall exchange, and deliver to Magistrate Judge Almond, a Settlement Conference Statement...." It was the United States' understanding that this Order was a direct result of a verbal agreement among the parties present at the Rule 16 Conference hearing to attempt to resolve this action by settlement. In fact, the United States was in the process of contacting defendants who have appeared in this action to gather information and to establish the interests and priorities necessary to complete the Settlement Conference Statement mandated by the Order when it became aware of the PRA III, LLC's motion. The counsel for PRA III, LLC was also present at the Rule 16 Conference hearing and should have received a copy of the Order. Movant did not inform the parties present at the hearing that it had a pending motion for distribution despite the fact that Movant was aware that all the parties who had filed answers were attempting to determine the order of priorities in order to resolve this matter by agreement. After the hearing, Movant should have withdrawn its motion to release funds, filed an answer, worked with other parties involved to establish claims and priorities of all the defendants who have appeared.[3]

---

[3] On September 7, 2005, Counsel for the United States left a message for Movant's counsel, requesting that she withdraw the motion, but Movant's counsel has not returned the phone call.

## Conclusion

The United States finds it highly unusual that PRA III, LLC moves to release funds 1) without having properly served all parties that have made appearances, 2) without proving its claim and priority to the funds to the Court, and 3) without working with the parties to determine the proper priorities as contemplated by the Magistrate Judge Almond's order which calls for a settlement conference. Furthermore, in the light of the judgment execution presented to the United States, which clearly places the PRA III, LLC's lien behind other defendants, there is no basis for Movant to receive any funds at this time.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ANTHONY C. DIGIOIA
Assistant United States Attorney

WENDY J. KISCH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6553
Facsimile: (202) 514-5238
e-mail: wendy.j.kisch@usdoj.gov

## CERTIFICATE OF SERVICE

I CERTIFY that service of the foregoing UNITED STATES' OPPOSITION will have this 9th day of September, 2005, been made upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Richard J. Volpe, Esquire
Shechtman Halperin Savage LLP
86 Weybosset Street
Providence, Rhode Island 02903

Ronald Raposa
32 Fairwood Drive
Cranston, Rhode Island

Jennifer Cabral
215 State Street, Apt. C
Bristol, Rhode Island, 02809

Bernard J. Lemos, Esquire
R.I. Division of Legal Services
One Capitol Hill
Providence, Rhode Island 02908

E. Martin Stutchfield, Esquire
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Rhode Island 02903

The Glidden Company dba
ICI Dulux Paints
c/o CT Corporation System
10 Weybosset Street
Providence, Rhode Island 02903

North American Capital Corporation
c/o Law Offices of Howard Lee Schiff, PC
10 Dorrance Street
Providence, Rhode Island 02903

The Sherman Williams Company
c/o John A. Desano
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, Rhode Island 02903

CAP Electric Corporation
Assignee of Home Depot
c/o Richard B. Applebaum, Esquire
Post Office Box 513
Providence, Rhode Island 02901

PRA III, LLC
c/o Lynda Laing
Strauss, Factor, Laing & Lyons
222 Richmond Street, Ste. 208
Providence, Rhode Island 02903

Great Lakes Collection Bureau, Inc.
Assignee of First USA Bank
c/o Richard B. Applebaum, Esquire
Post Office Box 513
Providence, Rhode Island 02901

Wendy J. Kisch
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6553
Facsimile: (202) 514-5238